UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



----------------------------------------------------------X

**CLEMENT LOWE**, DIN# 00-A-2910

Plaintiff,

-against-

**MARK MILLER**, Superintendent of the
Green Haven Correctional Facility,

Respondent.

----------------------------------------------------------X

**23-cv-3754-NRM**

**PETITION UNDER
28 U.S.C.A. § 2254
FOR A WRIT OF
HABEAS CORPUS**

## PETITION

1.    Petitioner submits this petition in support of his request for a writ of habeas corpus pursuant to 28 USC 2254.

2.    The name and location of the court which entered the judgment under attack is Kings County Court, located at: 320 Jay Street, Brooklyn, New York 11201.

3.    The name of the lawyer who represented petitioner at pretrial and trial is James Koenig (whose address is not known at this time); and at pretrial by Robert Newman from the Legal Aid Society (William T. Martin and Associates)

4.    The date of the judgment of conviction is March 22, 2000.

1

5.     The length of the sentence that petitioner received is 22 years on the attempted murder conviction and 12 years on the kidnapping conviction, to run concurrently with the terms of the imprisonment imposed on the remaining offenses.

6.     The nature of the offenses involved are: Attempted Murder in the Second Degree; Kidnapping in the Second Degree, Criminal Possession of a Weapon in the Second Degree and Menacing in the Second Degree.

7.     The petitioner entered a plea of not guilty. There was a trial by jury where Petitioner testified on his own behalf.

8.     Petitioner filed a Direct Appeal to the New York State Supreme Court, Appellate Division, Second Department. The brief was perfected by Yvonne Shivers, Esq. The Second Department affirmed the conviction. (See People v. Lowe, 300 AD2d 509 (2002).

9.     The Grounds raised were: (1) that he was deprived of a fair trial by the introduction of evidence of uncharged crimes; (2) that his conviction for kidnapping Cheryl Lyons merged with his conviction for menacing her at gunpoint; and (3) that the trial court erred in permitting Hollis Evertz to make a statement at sentencing and that Petitioner's sentence was excessive.

10.     Petitioner filed a pro se Supplemental Brief in which he raised the following grounds: (1) that the hearing court erred in denying Petitioner's motion

to suppress physical evidence by applying the emergency doctrine to the warrant requirement; (2) that the hearing court erred in refusing to suppress Petitioner's statement to a police officer that he had a gun in his car; (3) that Petitioner was deprived of a fair trial by the introduction of evidence of uncharged crimes; (4) that Petitioner's videotaped statement to law enforcement authorities was inadmissible because he had asserted his right to counsel and the statement was made in the absence of counsel; and (5) that Petitioner's statements to law enforcement authorities should have been suppressed as the product of police coercion.

11.    An application for leave to appeal to the New York State Court of Appeals was filed and subsequently denied by the court. People v. Lowe, 99 N.Y.3d 630 (2003). The ground raised therein was the same as those raised in the main and pro se supplemental brief.

12.    A collateral attack in the form of a motion to vacate the conviction was filed on May 23, 2005. The claims raised therein are: (1) Petitioner's trial attorney was ineffective for failing to investigate a variety of issues related to Petitioner's substantive claims; and (2) the prosecutor withheld certain favorable evidence from Petitioner in violation of Brady v. Maryland, and knowingly presented perjured testimony at Petitioner's trial.

13.     The court (Parker, J.) denied the motion in a Decision and Order entered on November 16, 2009.

14.     No petition for a Writ of Certiorari was filed.

## FACTS

Introduction:

15.     The instant motion presents a question of law involving error in the criminal court proceedings against the construction of the constitutional, validity of statutory provisions CPL §190.50(5)(A)(B); CPL §210.20(1)(C); CPL §210.35(4); CPL §440.30(7); CPL §710.60(6); New York constitution Article I, section 6, to such a degree that petitioner is convicted on a defective indictment and is serving thirty four (34) years in state prison.

16.     The state court's interpretation of the right to testify before a grand jury is at odds with precedent, settled rules of statutory construction, and state's legislative history.

17.     Petitioner was indicted by the Kings County Grand Jury under indictment number 9283-98 for the crime of Attempted Murder in the Second Degree; Kidnapping in the Second Degree; Criminal Use of a Firearm in the First Degree (two counts); Assault in the First Degree; Assault in the Second Degree

(two counts); Criminal Possession of a Weapon in the Fourth Degree; Menacing in the Second Degree (three counts); and Menacing in the Third Degree.

18.    At arraignment Petitioner entered plea of not guilty.

19.    On March 22, 2000, Petitioner was sentenced by Hon. Levanthal, J., to consecutive terms of imprisonment: 22 years on the attempted murder conviction and 12 years on the kidnapping conviction, to run concurrently with the terms of the imprisonment imposed on the remaining offenses.

20.    Petitioner sought to vacate his judgment of conviction. Also sought, was an evidentiary hearing to determine the merits of the CPL §440.10 motion, pursuant to CPL §440.30(5).

21.    The said 440.10 motion contained three point headings: (1) that the Petitioner was deprived of his right to appear before the Grand Jury; (2) that the Petitioner was deprived his right to court appointed attorney at an in-court lineup identification, and (3) that the Petitioner was deprived of his right to effective assistance of counsel regarding counsel's failure to make application for release of Petitioner from custody upon failure of timely disposition.

## PETITIONER WAS DEPRIVED OF HIS RIGHT TO TESTIFY AT THE GRAND JURY

22.    The Grand Jury proceeding involving an attempted murder, kidnapping, assault, criminal possession of a weapon and menacing allegedly

committed by Petitioner on September 9, 1998, in Kings County. Upon the basis of the filing of this complaint, Petitioner was initially arraigned in the criminal court, Kings County on September 10, 1998, and the matter was adjourned to September 15, 1998. In the meantime, on September 11, 1998, Petitioner served written notice on the District Attorney pursuant to CPL §190.50(5)(a) prior to the commencement of Grand Jury proceedings a timely notice of an intent to testify before such Grand Jury. In response the Assistant District Attorney state in writing that the People are going to make arrangements for the Kings County Grand Jury to hear Petitioner's testimony within one to two weeks time, which did not satisfy the requirements of CPL §190.50(5)(b) to inform Petitioner or counsel of the date, location, and time of the Grand Jury presentation. Notwithstanding the written notification of Petitioner's intent to testify, the prosecutor submitted the case on the morning of September 25, 1998, to the Kings County Grand Jury with an indictment being voted without hearing Petitioner, and hastily filed in the afternoon of the same day, September 25, 1998. Conversely, the People never respond to, or otherwise deny these factual allegations of the Grand Jury issue raised in the Petitioner's other motion nor the 440.10 motion. Nevertheless, the Supreme Court in its October 2021, Decision and Order, denied this branch of Petitioner's 440.10 motion without setting forth on the record its findings of fact, conclusion of law, and the

reasons for its determination in accordance with CPL §440.30(7), and CPL §710.60(6).

23.    The Appellate Division, Second Judicial Department's power to entertain and decide this issue is defined by CPL §440.30(7); CPL §710.60(6); CPL 210.45(4)(c); and pursuant to this Court's decision in People v. Gini, 72 A.D.2d 752 (1979); Matter of Borello v. Balbach, 112 A.D.2d 1051 (1985); People v. Skrine, 125 A.D.2d 507 (1986), holding that Petitioner was denied his right to testify before Grand Jury, indictment dismissed; People v. Costas, 248 A.D.2d 482 (1998), holding that Petitioner had been denied his right to testify before Grand Jury, People did not respond to pro se motion, and trial court never decided it or gave any explanation as to why it did not rule upon motion, indictment dismissed; People v. Frantz, 57 A.D.3d 692 (2008), holding that it was error to deny Petitioner's motion without setting forth on the record its findings of fact, conclusion of law, and the reasons for its determination, indictment dismissed.

24.    The Ineffective Assistance of Counsel issue raised in Petitioner's 440.10 motion in the court below, asserts that the Court assigned counsel, Robert Newman from the Legal Aid Society, was the first attorney assigned to the instant case on September 10, 1998, and who was or should have been aware of the facts of this case. In particular, that on September 9, 1998, at 1:30p.m., Petitioner was arrested, and who, since time of his arrest, has been confined in such custody for a

period of more than 144 hours without either a disposition of the felony complaint or commencement of a hearing; and that counsel should have made an application for Petitioner's release from custody pursuant to CPL 180.80, which requires the release of Petitioner being held in pretrial detention pending action of a Grand Jury after 120 or 144 hours of custody. The People never challenged these factual allegations of ineffective assistance of counsel contained in Petitioner's other motion nor his 440.10 motion; and the Supreme Court in its Decision and Order, denied this branch of Petitioner's 440.10 motion without setting forth on the record, its findings of fact, conclusion of law, and the reasons for its determination. In <u>People v. Franz</u>, 57 AD3d 692 (2008), this Court reversed Petitioner's conviction on ground that the Supreme Court failed to set forth its findings of fact, conclusion of law, and reasons for its determination on the issue of ineffective assistance of counsel. See, CPL §440.30[7]; <u>People v. Williams</u>, 184 A.D.2d 608 [1982]; <u>People v. Brown</u>, 66 A.D.2d 785, 786.

25.    The in-court lineup identification was conducted on September 10, 1998, without the presence of the court appointed counsel from the Legal Aid Society. Whereupon, Petitioner thereafter apprised defense counsel of the situation but defense counsel failed to give the minimum attention and care to such matter, to the extent that on October 13, 1998, Petitioner told the court that defense

counsel was not giving him meaningful representation, and asked that defense counsel be removed from the case.

26.    Under the circumstances, on September 28, 1998, Petitioner submitted a pro se motion pursuant to CPL §§190.50(5)(c); 180.80; 210.20(1)(c); 210.35(4); U.S. Const. Amends. VI, XIV, to the Supreme Court, on grounds seeking release from custody pursuant to CPL §§190.50(5)(c), 180.80, and failure to provide him with court appointed attorney at an in-court lineup identification pursuant to US Const. Sixth and Fourteenth Amendments. After the September 15, 1998 adjournment, Petitioner's next court date was October 13, 1998, upon Petitioner's appearance in court, he orally informed the Court that he wants to testify before the Grand Jury; The judge responded that he recognized Petitioner's right to testify at Grand Jury but the instant case is a domestic violence matter and that this case will be transferred to that trial part of the court. The Court did not rule on that motion.

27.    On June 23, 2021, Petitioner submitted a CPL §440.10(1)(h) motion, pro se, to the Kings County Supreme Court[1], and a copy was served on the People. On July 20, 2021, the Court served notice that said 440.10 motion has been placed on the motion calendar for September 13, 2021. Thereafter, Petitioner sent a letter to the District Attorney, requesting a copy of any moving papers that they have sent, or intends to send to the Court regarding said 440.10 motion in question.

---

[1] Circumstances beyond Petitioner's control why he could not have brought the CPL 440.10 motion earlier, are fully explained in his 440.10 motion at pages 5-7 attached herein as Petitioner's Exhibit i.

Later, the Petitioner had received from the People "copy of a letter dated September 20, 2021 that they had sent to the Honorable Raymond L. Rodriguez, stating that the People are writing to confirm that Your Honor had adjourned the return date on the above-referenced motion pursuant to CPL §440.10, currently pending before the Court, to October 29, 2021, for the People's response;" which includes Petitioner's reply opposing the People's request. However, the People have failed to respond to Petitioner's 440.10 motion, or otherwise deny his allegations; therefore, the facts asserted by the Petitioner are deemed conceded.

28.    Indeed, CPL §210.45 (subd. 4, par [c]) provides that the court must grant the motion without conducting a hearing if the sworn allegations of fact essential to support the motion are either conceded by the People to be true or are conclusively substantiated by unquestionable documentary proof. In People v. Gruden, 42 N.Y.2d 214, 397 N.Y.S.2d 704, the Court have granted Petitioner's motion on ground that the failure of the People to raise an issue of fact in their answering papers is tantamount to a concession on their part as to the moving papers.

29.    On October 25, 2021, Petitioner received a Decision and Order from the Supreme Court, denying Petitioner's 440.10 motion without setting forth on the record its findings of fact, its conclusion of law and the reasons for its determination regarding the Grand Jury issue as well as failing to mention

Petitioner's CPL §§180.10 or 180.80 claims. Whereas, the absence of such required explanation thus transgresses CPL §710.60(6); CPL §440.30(7), which requires the Court to set forth on the record its findings of fact, conclusion of law, and the reasons for its determination.

30.     Pursuant to October 25, 2021, Amendments of CPL §440.10(2) par.[b] and [c]. The ineffective assistance of counsel claim was properly raised in Petitioner's 440.10 motion in the lower court. Additionally, in light of the fact that the People never challenged any of the Petitioner's factual allegations contained in his 440.10 motion. This Court has the authority to make its own findings of fact and conclusion of law. People v. Jones, 247 A.D.2d 272; People v. Morgan, 226 A.D.2d 398.

## GROUNDS RAISED FOR HABEAS CORPUS RELIEF.

**Standard:**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates that a writ of habeas corpus shall not be issued unless a state court's decision was "contrary to, or involve an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." (28 U.S.C. §2254(d)(1)), or that it was based on an "unreasonable determination of facts in light of the evidence presented in the State court proceedings" (28 U.S.C. §2254(d)(2)). See Williams v. Taylor, 529 U.S. 362, 402-03 (2000).

Regarding the first standard, "an unreasonable application of federal law is more than an incorrect application, but the petition need not show that all reasonable jurists would agree that a state court determination is incorrect in order for it to be unreasonable." Yung v. Walker, 341 F.3d 104, 109-10 (2nd Cir. 2003). Under the second standard, the state court's determinations of facts shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1).

## PETITIONER WAS DEPRIVED OF HIS RIGHT TO APPEAR BEFORE THE GRAND JURY C.P.L. §190.50 [5][c]; C.P.L. §210.35 [4]; C.P.L.  210.20 [1][c]; U.S. CONST. AMEND. VI. AND XIV; N.Y. CONST. ART. 1 SEC. 6

**Right to Testify at Grand Jury**

CPL §190.50 [5][a[ provides that a Petitioner's request to testify is timely as long as it made prior to the filing of the indictment. Where, as here, Petitioner's September 11, 1998 letter satisfied the statutory requirements for notifying the People of a request to appear before the Grand Jury, inasmuch as the letter was served upon the District Attorney prior to the filing of an indictment, asserted Petitioner's right to appear in an impending grand jury proceeding, and set forth an address to which communications may be sent. The prosecutor nevertheless proceeded to present criminal charges to the Grand Jury and obtained a vote on September 25, 1998, without affording Petitioner the right to appear as a witness in his own behalf at the Grand Jury.

**Time and Place of Grand Jury**

Pursuant to C.P.L. §190.50 [5][b], upon service upon the district attorney of notice requesting appearance before a grand jury pursuant to paragraph [a], the district attorney must serve upon the applicant a notice that he will be heard by the grand jury at a given time and place. Here, after Petitioner sent a written letter to the district attorney that triggered Petitioner's right to appear before the grand jury, the responsive letter from the People failed to satisfy statutory requirements of

informing Petitioner of time and place of grand jury presentation as is required by C.P.L. §190.50 [5][b]; responsive letter merely stated that the People are going to make arrangements for the Kings County Grand Jury to hear Petitioner's testimony within one to two weeks time, did not provide Petitioner with the requisite notice of the time and place of the grand jury presentation CPL §190.50 [5][a][b].

As the New York Court of Appeals has noted in People v. Evans, 79 N.Y.2d 407, 413-414, C.P.L. §190.50 [5] protects Petitioner's "valued" statutory option to appear at this critical accusatory stage to offer testimony that may affect the Grand Jury's consideration of the otherwise exclusive, ex parte presentment of evidence by the prosecution. To guard against abridgement of this "valued" right, the New York Court of Appeals has ordered that it must be scrupulously protected. Id (affirming dismissal of indictment because statutory right to testify was not satisfied by opportunity to appear after Grand Jury had voted); People v. Smith, 87 N.Y.2d 715; People v. Corrigan, 80 N.Y.2d 326.

Furthermore, the Petitioner was not required to resubmit a valid notice invoking his right to appear before grand jury C.P.L. §190.50 [a], [b]. Nevertheless, upon Petitioner's appearance in court after he was indicted on September 25, 1998, in open court, Petitioner maintained that his right to testify before the grand jury had been violated and that he wanted to testify before the grand jury. At which point, the Court's response was that the instant case was a

14

domestic matter, and would be transferred from his courtroom to the Domestic Violence trial part of the court, the People did not respond to Petitioner's written and oral motion and the Court did not give a ruling.

**Motion to Dismiss Indictment**

Motion made pursuant to C.P.L. §190.50 whether made by counsel or pro-se Petitioner, mandates ruling or else court must clearly state its reasons for refusing to decide motion; motion may not be discounted simply because it is filed directly by Petitioner at a time when he was represented by counsel; in addition, motion to dismiss indictment that has been obtained in violation of provisions of CPL §190.50[5][a] must be granted upon timely motion to dismiss pursuant to CPL §190.50[5][c]; People v. Greenfield, 178 A.D.2d 653; People v. Evans, 79 N.Y.2d 407; People v. Renaud, 145 A.D.2d 367, 370.

In the instant case, on September 29, 1998, Petitioner submitted a pro-se motion to dismiss the said indictment #9283/98, pursuant to C.P.L. §190.50 [5][c], on the ground that he had been denied his right to testify before the Grand Jury; the motion stated that the People had been served with written noticed of Petitioner's intention to testify before the Grand Jury. Petitioner was not produced for the Grand Jury presentation, and he was not produced in court until after the People had already obtained said indictment #9283/98, a copy of the motion was sent to

the criminal court, motion was also served upon the People (Petitioner's Exhibit B).

In May 1999, defense counsel James Koenig was assigned to this case. In June 1999, Petitioner communicated to defense counsel that two days after he was arrested, he had sent a written letter to the Kings County District Attorney, stating that he demands the right to testify in any Grand Jury proceedings concerning the allegations contained in the complaint against him, and that the People obtained a vote without affording him an opportunity to testify at the Grand Jury, and as a result, he had submitted a motion to dismiss the said indictment #9283/98, but had not heard anything from the Court nor the prosecutor. Thereafter, defense counsel told Petitioner that the C.P.L. §190.50 motion have been already denied before he was assigned to this case.

**Failure to Turn Over Automatic Discovery**

Equally important, the People failed to turn over automatic discovery prior to the scheduled appearance date of the two weeks time stated in the People's responsive letter to Petitioner's timely service of C.P.L. §190.50 notice. C.P.L. §245.10 (1)(c) provides that the prosecution shall disclose statements of the Petitioner as described in paragraph (a) of subdivision one of section 245.20 of this article to any Petitioner who has been arraigned in a local criminal court upon a currently un-disposed of felony complaint charging an offense which is a subject

16

of a prospective or pending grand jury proceeding, no later than forty-eight hours before the time scheduled for the Petitioner to testify at a grand jury proceeding pursuant to subdivision five of section 190.50 of this part. This was the only part of Petitioner's motion to vacate that the court gave an opinion to.

### PETITIONER WAS DEPRIVED OF HIS RIGHT TO COURT APPOINTED ATTORNEY AT AN IN-COURT LINEUP IDENTIFICATION. U.S. CONST. SIX AND FOURTEENTH AMENDMENTS; NEW YORK CONST. ARTICLE 1, SECTION 6.

The lineup identification is a definite part or stage of a criminal prosecution in New York, and the plain language of the Sixth Amendment requires that, in all criminal prosecutions, the accused shall enjoy the right to have the assistance of counsel for his defense.

On September 10, 1998, Petitioner was taken to criminal court and then to an in-court lineup identification without the presence of an attorney at the lineup identification. Here, the Petitioner is entitled to counsel at all critical stages of the criminal prosecution. People v. Settles, 46 N.Y.2d 154, 165. The right to counsel attaches, of course, once the criminal action has been commenced. People v. Blake, 35 N.Y.2d 331, 339-340. But it may also attach at an earlier stage if there has been significant judicial activity. Thus, for instance, a court order directing that the Petitioner appear in a lineup People v. Coleman, 43 N.Y.2d 222, may be sufficient

to trigger the right to counsel even though criminal action may not have formally commenced.

Once the accusation has been made in court, the case is no longer merely a subject of investigation. It is a matter in litigation, and the New York Court of Appeals has noted, this is precisely the juncture at which legal advice is crucial and well recognized principle in civil litigation serves as an appropriate analogy. Once a matter is the subject of a legal controversy, any discussions relating thereto should be conducted by counsel at that point the parties are in no position to safeguard their rights. See, People v. Settles, 46 N.Y.2d 154, 163-164 supra.

A Petitioner cannot waive his rights in the absence of counsel after a felony complaint has been filed in court, since the right to counsel attaches once the criminal action has been commenced and a criminal action commences with the filing of an accusatory instrument (C.P.L. §1.20 [17]), which includes a felony complaint (C.P.L. §1.20 [1], [8]).

The Court-ordered lineup violated Petitioner's right to counsel because this lineup was conducted in the absence of counsel without a valid waiver. People v. Banks, 53 N.Y.2d 819 (1981).

In the instant case, Petitioner was entitled to court appointed counsel at the time of the in-court lineup identification, which he participated, and the failure to

provide such counsel violated Petitioner's rights under the Sixth and Fourteenth Amendments of the United States Constitution.

New York Constitution, Article 1, Section 2, provides that for a waiver to be valid, it must be signed by the Petitioner in person in open court in the presence of the Court, and with the approval of the Court, C.P.L. §320.10 (2). The Petitioner signed no such waiver in relation to these matters.

**PETITIONER WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL U.S. CONST. AMEND. SIXTH AND FOURTEENTH. NEW YORK CONST. ARTICLE 1, SEC. 6**

C.P.L. §180.80, mandates the granting of an application for Petitioner's release on recognizance unless the hearing is commenced or proof that the Grand Jury has voted to charge the Petitioner is filed within a 120 hour period following commencement of custody. An additional twenty-four hours is allowed where a Saturday, Sunday, or legal holiday is involved but the total cannot exceed 144 hours, even if the arrest occurred on a Sunday and Monday or is a legal holiday. Significantly, where custody was commenced by arrest, the hours start to tick away immediately and not simply upon commitment after arraignment. Accordingly, processing time and time awaiting arraignment are included in the computation.

In the instant case, on September 9, 1998, at about 1:30 p.m. Petitioner was arrested at a Pathmark Store in Brooklyn, Kings County. On September 9, 1998, at 2:30 p.m., Petitioner was taken to the 88th precinct in Brooklyn and who, since the time of his arrest, has been confined in such custody for a period of more than 144 hours without either a disposition of the felony complaint or commencement of a hearing, and on September 25, 1998, Petitioner was indicted by the Kings County Grand Jury.

Here, defense counsel deprived Petitioner of his due process right to effective assistance of counsel when he failed to make application for Petitioner's release on his recognizance. For instance, court assigned counsel Robert Newman from the Legal Aid Society, was the first attorney assigned to this case, and who was or should have been aware of the facts of this case. In particular, that the People have failed to satisfy C.P.L. §180.80, which requires the release of Petitioner being held in pretrial detention pending action of a Grand Jury after 120 or 144 hours of custody.

**Arraignment Court Failed to Comply with the Law**

It is the mandate of C.P.L. §180.10 (sub 4): The Court must inform the Petitioner of all rights specified in subdivisions two and three. Perhaps even more important is the legislative mandate contained in the second sentence of C.P.L. §180.10 (sub 4). The Court must accord the Petitioner opportunity to exercise such

rights and must itself take affirmative action as is necessary to effectuate them. Unless the statue has been compiled with no waiver of the right to a preliminary hearing can knowingly, intelligently and understandingly have been given as a matter of law.

The arraignment court did not complied with C.P.L. §180.10 in the following respects:

1) Under CPL 180.10 (sub 1) the Petitioner was not informed that the primary purpose of the proceedings upon such felony complaint was to determine whether he was to be held for action of the Grand Jury.

2) Under the same subdivisions of that section Petitioner was not furnished with a copy of the felony complaint.

3) Under the same section, subdivision two, Petitioner was not informed that he had a right to a prompt hearing upon the issue of whether there was sufficient evidence to warrant the Court in holding him for the action of the Grand Jury.

It is implicit in the statue that unless the Petitioner is informed of the primary purpose of the proceeding that no proper foundation has been laid for the acceptance of a waiver of a preliminary hearing as is the failure to inform the Petitioner that he is entitled to a prompt hearing on the issue.

## GROUND I

**THE STATE COURT'S DECISION WAS CONTRARY TO CLEARLY ESTABLISHED FEDERAL LAW AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES.**

When the State Court denied Petitioner's collateral motion to vacate the conviction in a one-line decision that read: "Your motion was denied by Justice Rodriguez," it violated both Petitioner's right under the due process doctrine and the strictures of 28 U.S.C.A. §2254(d)(1).

A state-court decision is "contrary" to clearly established federal law, for purposes of federal habeas review, if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state decides a case differently than the Supreme court has on a set of materially indistinguishable facts. See, Scott v. Fisher, 65 F.Supp2d 380; citing William v. Taylor, 529 U.S. 362 (2000).

When the court offered no opinion on the facts and legal argument offered in Petitioner's motion to vacate and then denied the motion using just one line, it clearly ruled "contrary to" United States Supreme Court case law in several lines of court precedents. The court clearly failed to rule on Petitioner's CPL §§180.10 and 180.80 issues.

Petitioner submits that this action taken by the court was a substantive due process violation; as the action was arbitrary in nature.

22

Since the times of the Supreme Court's explanation of due process, it has defined the core concept of the Due Process protection against arbitrary action.

In 1819, the Court held:

> The principal and true meaning of the phrase has never been more tersely or accurately stated than by Mr. Justice Johnson, in <u>Band of America v. Okely</u>, 17 U.S. 235 (1819); "as to the words from Magna Carta, incorporated into the Constitution of Maryland, after volumes spoken and written with a view to their exposition, the good sense of mankind has at last settled down to this: That they were intended to secure the individual from the arbitrary exercise of the powers of government, unrestrained by the established principles of private right and distributive justice." <u>Hurtado v. California</u>, 110 U.S. 516 (1884).

In 1974 the court stated that "the touchstone of due process is protection of the individual against arbitrary action of government," <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974). This is so whether petitioner has suffered the denial of fundamental procedural fairness See, <u>Fuentes v. Shevin</u>, 407 U.S. 67 [1972]); or the violation came as a result of the exercise of the government's power without any reasonable justification in the service of a legitimate governmental objective (See, <u>Daniel v. Williams</u>, 474 U.S. 327 [1986]).

This action is enshrined in the United States Constitution's First Amendment: providing that the people have the right to "petition the Government for a redress of grievances."

This provision of the First Amendment has been incorporated into the Fourteenth Amendment to the United States Constitution and is therefore applicable to the states. See, <u>Nicholson v. Moran</u>, 835 F.Supp 692 (1993).

## PETITIONER WAS DEPRIVED OF HIS CONSTITUTIONAL AND STATUTORY RIGHTS TO BE PRESENT AT ALL MATERIAL STAGES OF TRIAL. U.S. Const. Amend. XIV; N.Y. Const. Art. 1 §6; CPL §260.20

The grand jury proceeding was a material stage of trial at which petitioner certainly could have made a valuable contribution. Thus, Petitioner had a right to be present at that proceeding and his absence violated his statutory right to be present at all material stages of trial. Further, as the hearing implicated petitioner's ability to fully defend against the charges, his absence was also a violation of his constitutional due process right to be present.

Additionally, the due process clause of the federal constitution requires that a defendant be present whenever his presence has a reasonably substantial relation to the fullness of his opportunity to defend against the charges, <u>Snyder v. Massachusets</u>, 291 U.S. 97 (1936).

Thus, the grand jury proceeding clearly had a reasonably substantial relationship to the fullness of his opportunity to defend against the charges, and petitioner's absence was a violation, not only of CPL §260.20, but of due process. <u>Kentucky v. Stincer</u>, 482 U.S. 730, (1987).

Moreover, petitioner did not waive his right to be present at the grand jury proceeding, either expressly or implicitly. There was nothing in the record to indicate that petitioner was voluntarily absent from the grand jury proceeding, or that he retroactively acquiesced to defense counsel's waiver of his presence. In short, on this silent record, there was no knowing and voluntarily waive of his right. Because Petitioner was absent during a material part of the grand jury pursuant to CPL §260.20 harmless error analysis is not appropriate.

In sum, petitioner's absence from this material proceeding, which concerned factual matters about which he had peculiar knowledge and in which he therefore, could have meaningfully participated, was a deprivation of his statutory right to be present. CPL §260.20, as well as his constitutional right to be present. Kentucky v. Stincer, 482 U.S. 730, 754 (1987).

The court has held in William v. Taylor, 529 U.S. 362, that a decision based on a legal misunderstanding was not animated by strategic calculation.

Error that seriously affect the fairness, integrity or public reputation of judicial proceedings should no doubt be corrected, United States. V. Atkins, 297 U.S. 157 (1936); Sawyer v. Whitley, 505 U.S. 333; Townsend v. Burky, 334 U.S. 736 (1948), recognizes due process requires that convicted person not be held incarcerated on materially untrue, assumption or misinformation.

## STATUTE OF LIMITATION AND GATEWAY CLAIM

Petitioner was delayed from filing the within habeas corpus. For instance, between 1998-2000, while defendant was at the Detention Center on Rikers Island, he gave a certain portion of his personal and legal documents including a copy of the said motion to dismiss Indictment #9283/98, and a copy of the written letter of notice to testify at the grand jury that was in his possession, to a friend for safe keeping, who later moved out of state without providing petitioner with a mailing address, or any other form of contact information where he could be reached. In the meantime, petitioner has sought diligently to locate said person, but was unsuccessful until recently with the help from a third party, petitioner and retrieved said documents.

The instant petition for a writ of habeas corpus pursuant to 28 U.S.C.A. §2254 contains exhausted claims.

The United States Supreme Court has applied the miscarriage of justice exception to overcome procedural defaults. See, Kuhlmann v. Wilson, 477 U.S. 436 (1986).

The miscarriage of justice exception survived the AEDPA's passage. The court found in Calderon v. Thompson, 523 U.S. 538 (1998) that the miscarriage of justice exception held that a federal court may, consistent with AEDPA, recall its mandate in order to revisit the merits of a decision; stating at 558 that: "The

26

miscarriage of justice standard is altogether consistent … with AEDPA's central concern that the merits of concluded criminal proceedings not be revisited in the absence of a strong showing of actual innocence."

The Court also ruled in House v. Bell, 547 U.S. 579 (2006) that a prisoner's proof of actual innocence may provide a gateway for federal habeas review of a procedurally defaulted claim of constitutional error. Id., at 537-538.

Petitioner submits that the claim of innocence being made in the case at bar is a procedural one rather than a substantive one. See, Schlup v. Delo, 513 U.S. 298, 3145 (1995). Petitioner further submits that like Schlup, the constitutional claims are based upon the contentions raised in the petition within under "Grounds Raised." Id., @ 314.

Also like Schlup, petitioner contents that he falls within the "narrow class of cases … implicating a fundamental miscarriage of justice." See, Schlup, supra @ 314-315, quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991).

The claim of innocence being brought herein is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim[s] considered on the merits. See, Herrera v. Collins, 506 U.S. 390, 404 (1993).

The "fundamental miscarriage of justice exception is grounded in the 'equitable discretion' of [this court] to see that federal constitutional errors do not

result in the incarcerating of innocent persons." <u>Herrera</u>, supra @ 404; citing <u>McClesky</u>, supra @ 502.

Chief Justice Rehnquist also wrote in <u>Herrera</u> @ 404 that: "But this body of our habeas jurisprudence makes clear that a claim of "actual innocence" is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."

Petitioner presents salient claims to the court. These claims could not be raised prior to petitioner retrieving his legal documents after giving them to a third party for safe keeping.

After retrieving same, Petitioner presented these issues to the State court. Succinctly, and as laid out within, petitioner made a written request to testify at the grand jury. This request fell on the deaf ears of the District Attorney's Office. The trial court then erroneously denied Petitioner's motion to dismiss the indictment. The People failed to disclose Discovery in the form of statements alleged to be made by Petitioner. Petitioner was deprived of his indelible right to counsel when a line-up was conducted without counsel.

Petitioner has no future sentence to serve after his completion of the sentence imposed by the judgment under attack.

On May 4, 2023, Petitioner handed the within petition in a properly labeled and sealed envelope to prison officials at the Green Haven Correctional Facility. Petitioner's petition for a Writ of Habeas Corpus is deemed filed at the moment it was turned over to prison officials to be forwarded to the Northern District Court of New York State. (Houston v. Lack, 487 U.S. 266; Fallen v. United States, 378 U.S. 139.

**WHEREFORE**, Petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

**EXECUTED ON** May 4, 2023

Clement Lowe
Petitioner, Pro Se
DIN# 00-A-2910
Green Haven Correctional
Facility
P.O. Box 4000
Stormville, N.Y. 12582

**I DECLARE UNDER PENALTY OF PERJURY THAT I, CLEMENT LOWE, DELIVERED THIS PETITION TO PRISON AUTHORITIES TO BE MAILED TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK.**

Clement Lowe
Petitioner, Pro Se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

**CLEMENT LOWE**, DIN# 00-A-2910

                Plaintiff,                    **Certificate of Service**

    -against-

**MARK MILLER**, Superintendent of the
Green Haven Correctional Facility,

                Respondent.
-------------------------------------------------------X

      I, Clement Lowe, hereby certify under penalty of perjury that the foregoing is true and correct:

      I am over eighteen years of age and reside at Green Haven Correctional Facility, P.O. Box 4000, Stormville, New York.

      On May 4, 2023, I served the within **PETITION FOR A WRIT OF HABEAS CORPUS** by depositing true copies thereof enclosed in a postpaid wrapper in an official depository under the exclusive control of the U.S. Postal Services within the State of New York and addressed as follows: <u>**Letitia James, New York State Attorney General, Department of Law, The Capitol, Albany, N.Y. 12582**</u>

Dated: May 4, 2023
       Stormville, New York

                                               _____
                                          Clement Lowe, Pro Se

CLEMENT LOWE,
00A2910
GREEN HAVEN CORRECTIONAL FACILITY
P.O. BOX 4000
STORMVILLE, NEW YORK 12582

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK 11201

US POSTAGE

U.S.M.S